IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TROY BANISTER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 06 C 5759 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO and CHICAGO | ) | JUDGE DARRAH |
| POLICE OFFICER CRAIG BURTON | ) | |
| CHICAGO POLICE OFFICER | ) | Magistrate Judge Mason |
| SERGEANT MARC MOORE | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
*IN LIMINE* TO BAR TESTIMONY REGARDING "1505 FUNDS"**

Defendant City of Chicago ("City") by its attorney, Mara S. Georges, Corporation Counsel for the City of Chicago, and Defendants Chicago Police Officer Craig Burton ("Burton") and Sergeant Marc Moore ("Moore") ("Defendant Officers"), by their attorney, Megan K. McGrath, Assistant Corporation Counsel, (collectively, "Defendants") respectfully submit the following in response to Plaintiffs' Motion *in Limine* to Bar Testimony about "1505 Funds" before a ruling on foundation:

Plaintiff seeks to bar testimony about the 1505 Funds recovered from Plaintiff as being "prerecorded funds," unless Defendants "present foundation evidence that [Officer] Burton had possession of that particular twenty dollar bill on the day of the shooting." *See* Dkt. 150, at p. 2. Leaving aside Plaintiff's mischaracterizations about where and how that bill was recovered, Defendants will lay a sufficient foundation regarding this currency via the testimony of Officer Burton and, if necessary, any other witnesses from the Chicago Police Department ("CPD").

Officer Burton will explain that, just two weeks before beginning the underlying mission on the Southeast Side, he received prerecorded, or "1505" funds, from his unit's bursar's office. The purpose of these prerecorded funds is to enable the officers to carry out "buy/bust" missions to gather intelligence regarding serious crimes, such as homicides and aggravated batteries, in the surrounding area. In short, a buy officer, like Officer Burton, purchases narcotics using these prerecorded funds, and when other officers on the team arrest the seller, they seek information from that offender.

The evidence at trial will be unrebutted that use of these funds is standard practice. That this particular twenty dollar bill could have entered the "stream of commerce" a mere two weeks after Officer Burton received it from the ANET bursar is purely speculative, and thus this Honorable Court should deny Plaintiff's motion.

    Respectfully submitted,

    MARA S. GEORGES
    Corporation Counsel of the City of Chicago

    Defendants Burton and Moore

By:    /s/ *Megan K. McGrath*
    Megan K. McGrath
    Assistant Corporation Counsel

30 North LaSalle Street, Suite 1020
Chicago, Illinois  60602
(312) 744-9212